**FILED**
JAN 27 2023
ALISA BLACK, CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF SHARP COUNTY, ARKANSAS
CIVIL DIVISION

GARRY G. LAPONSIE                                                    PLAINTIFF

VS.                        NO. 68CV-22-161

MASON THOMPSON
and JOHN DOES 1-3                                                    DEFENDANT

*JURY TRIAL DEMANDED*

## AMENDED COMPLAINT

Comes the Plaintiffs, GARRY G. LAPONSIE (hereinafter "Plaintiff"), by and through his attorney, Frank H. Bailey of Bailey and Oliver Law Firm, and for their cause of action against the Defendant, MASON THOMPSON ("Defendant"), states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Thayer, Oregon County, Missouri.

2. Defendant is an individual residing in Coldwater, Branch County, Mississippi.

3. Pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor(s) is unknown.

4. In the alternative, the name of the unknown tortfeasor(s), individual person or entity, shall be designated by the pseudonym John Doe. Thus, in this case, John Doe 1, in the alternative, is the official name of any individual person defendant or entity with which any individual person defendant may be associated. Furthermore, if there is more than one (1) such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc., is also appropriate.

5. Upon determining the identity of any current unknown tortfeasor(s) person or entity, Plaintiff will amend this complaint by substituting the real name for the pseudonym.

6. The Plaintiff has attached hereto the affidavit of Plaintiff's attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125. Exhibit 1.

7. All acts and events occurred within Sharp County, Arkansas.

5. This Court enjoys jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by Ark. Code Ann. §16-13-201.

6. Venue is proper in this Court based on the location of the wreck in Sharp County, Arkansas, the facts giving rise to this lawsuit, and Ark. Code Ann. §16-13-201.

## FACTS

8. On December 30, 2021, at approximately 1:15 PM, Defendant was traveling Northwest on Highway 63. While navigating the right curve of the Highway 63 bypass when Defendant lost control of the vehicle. Defendant failed to stop or slow down, which caused his vehicle to collide with Plaintiff's vehicle.

9. Plaintiff was traveling Southeast on Highway 63 and was slowing down due to stopped traffic ahead at the intersection of Highway 63. At all times the Plaintiff operated his vehicle appropriately and in a safe and reasonable manner.

## COUNT 1 – NEGLIGENCE

10. Plaintiff hereby incorporates paragraphs 1 through 9 by reference.

11. Defendant had a duty to operate the vehicle he was driving in a safe and prudent manner upon Arkansas roadways. This duty was breached in the negligent manner in which Defendant operated their vehicle.

12. Defendant violated Ark. Code Ann. §27-51-104, careless and prohibited driving, which was the direct and proximate cause of the damages and injuries sustained by the Plaintiffs. Further specific acts of negligence include, but are not limited, to the following:

2

a. Failure to keep a proper lookout.

b. Failure to keep his vehicle under control.

c. Failure to drive at a speed that was reasonable and prudent.

## DAMAGES

13. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered the following damages

a. Past and future medical expenses.

b. Pain, suffering, and mental anguish, past and future.

c. Past and future physical injury.

g. Harm to quality of life.

## JURY TRIAL

14. Plaintiff has been damaged in an amount in excess of the minimal jurisdiction amount for diversity suits in the United States District Courts.

15. Plaintiff prays the Court enter a scheduling order and set this matter for trial.

16. Plaintiff requests a trial by jury.

17. Plaintiff reserves the right to amend this pleading liberally as provided by the rules.

**WHEREFORE**, Plaintiff, Garry G. LaPonsie, prays for judgment against Defendant, Mason Thompson and John Does 1-3, for damages as may be assessed by a jury. Such damages being in excess of the minimum jurisdictional mount for diversity of citizenship suits in the United States District Courts; for a trial by jury as to all issues; for cost; reasonable attorney's fees; and all other relief to which he may be entitled.

**DATED** this 25th day of January 2023.

                         Respectfully submitted,

                         Garry L. LaPonsie, Plaintiff

BY:    /s/ Frank H. Bailey
        FRANK H. BAILEY (ABN 74004)
        BAILEY & OLIVER LAW FIRM
        3606 W. Southern Hills Boulevard
        Rogers, AR 72758
        FAX: (479) 202-5605
        fbailey@baileyoliverlawfirm.com



**FILED**

JAN 27 2023

ALISA BLACK, CLERK
BY_____ D.C.

IN THE CIRCUIT COURT OF SHARP COUNTY, ARKANSAS
CIVIL DIVISION

GARRY G. LAPONSIE                                                            PLAINTIFF

v.                    CASE NO. 68CV-22-161

MASON THOMPSON
and JOHN DOES 1-                                                             DEFENDANTS

### AFFIDAVIT OF FRANK BAILEY, ESQ.

STATE OF ARKANSAS    )
                     ) FB.
COUNTY OF BENTON     )

BEFORE ME, the undersigned authority, personally appeared FRANK BAILEY, who, upon first being duly sworn, deposes and states as follows:

1. I, FRANK BAILEY, represent the Plaintiff in the above-entitled matter as his attorney at law.

2. I have caused to be filed a Complaint in the above-entitled matter in the appropriate court of this state.

3. At this time, the names and the number of all tortfeasors contemplated in this action are unknown.

4. For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-125, I have designated the unknown tortfeasors identified in the Complaint with the pseudo-name John Doe 1, John Doe 2, and John Doe 3.

5. Upon determining the identity of the unknown tortfeasor(s) the pseudo names John Doe 1, John Doe 2, and John Doe 3 will be replaced with the real name of the defendant in the Complaint of the above-entitled matter.

1

FURTHER, THE AFFIANT SAYETH NOT.

BY:  /s/ Frank H. Bailey
FRANK H. BAILEY (ABN 74004)
BAILEY & OLIVER LAW FIRM
3606 W. Southern Hills Boulevard
Rogers, AR 72758
FAX: (479) 202-5605
fbailey@baileyoliverlawfirm.com

Subscribed and sworn to before me this 25th day of January 2023.

My Commission Expires:

9-30-2032

Notary Public

MELINDA PROPPS
MY COMMISSION # 12389943
EXPIRES: September 30, 2032
Benton County

2